# Karmany's Appeal.

*Lunacy—Commission de lunatico inquirendo—Parties—Exceptions to inquisition—Jurisdiction.*

1. Where in proceedings de lunatico inquirendo the court has ordered the commissioner after his refusal to do so, to recognize certain persons as proper parties to the proceedings for the purpose of submitting testimony relating to the sanity or residence of the alleged lunatic or other matters relative to the proceedings, and the commissioner files his return eleven days after such order of the court, it is error for the court to sustain exceptions to and set aside the proceedings by reason of the refusal of the commissioner to hear such parties, where it does not appear from the record that the commissioner had any knowledge of the court's order, or that, after it was made, such parties had ever asked the commissioner to recognize and hear them in pursuance of it.

2. In such a case the inquisition cannot be set aside on the ground that it did not appear from the finding of the inquest or from the testimony taken that the respondent was a resident of this State, where the petition for the commission alleged that, at the time it was presented, the respondent was an inhabitant of this Commonwealth, that he was then absent therefrom, that his last place of residence was in the county where such petition was presented, and that he had real estate in such county, and the inquest found that respondent "in said commission named" was a lunatic.

Argued February 18, 1913. Appeal, No. 311, Jan. T., 1912, by David M. Karmany, petitioner, from order of C. P. Lebanon Co., Sept. T., 1910, No. 5, sustaining exceptions to inquisition In re lunacy of Samuel Y. Karmany. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Reversed.

Exceptions to inquisition in lunacy. Before HENRY, P. J.

The opinion of the Supreme Court states the case.

The court sustained the exceptions and quashed the proceedings. David M. Karmany, the petitioner for the inquisition, appealed.

1913.]    Assignment of Error—Opinion of the Court

*Error assigned* was the order of the court quashing and setting aside the commission and the inquisition, and all proceedings thereunder.

*Bassler Boyer,* for appellant.

*Howard C. Shirk,* with him *Paul G. Adams* and *Charles H. Killinger,* for appellee.

OPINION BY MR. JUSTICE BROWN, October 13, 1913:

On June 6, 1910, David M. Karmany presented a petition to the court below for a commission to inquire into the lunacy of his son, Samuel Y. Karmany. The commission was duly issued, and, after hearing testimony in support of the alleged lunacy, the inquest found that the son was and had been a lunatic, without lucid intervals, for a period of fifteen years prior to July 6, 1910. A further finding was that, in 1899, he had conveyed to his then wife, Hortense B. Karmany, a certain lot of ground in the City of Lebanon, which, after her divorce from him, she had sold to J. W. Stager, taking a mortgage for part of the purchase money. She and Stager appeared in person and by counsel before the commission and asked to be permitted to submit testimony to show that Karmany was not a lunatic at the time of his conveyance to his wife and was not an inhabitant of this State when the lunacy proceedings were instituted. The commissioner refused to permit them to be heard or to submit any testimony, and on June 27, 1910—twenty-one days before the commissioner's return was filed—they petitioned the court for an order directing him to hear them and their witnesses. On July 7, 1910, an opinion was filed, ordering the commissioner to recognize the appellees as proper parties to the proceeding before him and to take such testimony as they might present relating to the sanity or residence of the alleged lunatic, or any other matters pertinent and relative to the proceeding. Eleven days later—on July 18—the

commissioner made his return, and on the same day the appellees filed five exceptions to the inquisition, complaining of the refusal of the commissioner to hear them and their witnesses. Another exception was that it did not appear from the findings of the inquest, or from the testimony taken, that Samuel Y. Karmany was a resident of Pennsylvania or an absent inhabitant thereof. On March 23, 1912, nearly two years after the exceptions were filed, they were sustained and all the proceedings quashed and set aside at the cost of the petitioner for the commission. From this order or decree he has appealed.

The main contention of counsel for appellant is that the appellees were without standing before the commissioner or in the court below as exceptants to the inquisition, as they were strangers to the alleged lunatic, not related to him by blood or marriage, and having no interest in his estate or its preservation. We need not pass upon this question, for, even if the appellees had a right to appear and be heard before the commissioner as parties who might be aggrieved by a finding of lunacy, it does not appear that the commissioner had any knowledge of the presentation of their petition asking that he be directed to hear them. No rule or order of any kind was served upon him, nor was any application made to him for an adjournment until the court should act upon the petition. The proceeding continued before him until July 6—nine days after the petition had been filed in the office of the prothonotary and presented to the president judge of the court below at his chambers. When the petition was filed and presented the appellees could have procured a rule upon the commissioner, which would have suspended the proceeding before him pending the disposition of the petition, but they permitted the proceeding to go on, resulting in a finding of which they now complain. If they were not heard after they asked the court for an order that they be heard, it was their

own fault, so far as can be gathered from the record, and we have nothing else to guide us.

In sustaining the exception to the inquisition, the court below held that the commissioner had erred in not following its order directing him to recognize and hear the appellees. In that connection the learned president judge said: "The said Hortense B. Karmany and J. W. Stager have filed exceptions to this return and the proceedings, principally upon the ground of the action of the commissioner in refusing to admit them as parties to the proceeding and to hear the said evidence offered to be presented by them as aforesaid. Under the said opinion of this court, and we see no reason for changing the conclusions there reached, the commissioner was bound to admit the said parties to said proceeding and to hear their evidence. This opinion was filed on the 7th day of July, and while the signing of the return of inquisition is dated July 6th, the return was not filed until the 18th day of July and must have been in the hands and control of the commissioner pending its filing." But, turning again to the record, it does not appear that the commissioner had any notice of the court's order, or that, after it was made, the appellees ever asked him to recognize and hear them in pursuance of it. Upon the face of the record, their exceptions to the refusal of the commissioner to hear them ought to have been dismissed. The court surely would have enforced its own order if application had been made for the enforcement of it, and the commissioner ought not to have been convicted of error in view of the failure of the appellees to ask him to obey it. If it had been enforced, they would have been heard, and might not have complained of the findings.

The petition for the commission alleged that, at the time it was presented, Samuel Y. Karmany was an inhabitant of this Commonwealth, that he was then absent therefrom, that his last place of residence was in the County of Lebanon, and that he had real estate therein.

This was sufficient to give the court jurisdiction, and the finding of the inquest was that Samuel Y. Karmany, "in said commission named," was a lunatic. The seventh exception should have been dismissed with the others.

The order or decree of the court below, quashing and setting aside the commission and inquisition and all proceedings thereunder, is reversed, the inquisition is reinstated and the record remitted for further proceedings, the costs on this appeal to be paid by the appellees.